```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION


DEDRICK LASHON WELLS,             :

     Plaintiff,                   :

vs.                               :   CIVIL ACTION 11-0646-KD-M

EUGENE REESE MCKINNEY, et al.,    :

     Defendants.                  :
```

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate who is proceeding pro se, filed an action under 42 U.S.C. § 1983. This action, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2 (c)(4), is recommended to be transferred to the United States District Court for the Northern District of Alabama.

Plaintiff is incarcerated at the Taylor Hardin Secure Medical Facility/ Alabama Department of Mental Health and Retardation ("Department of Mental Health") in Tuscaloosa, Alabama which is located in the Northern District of Alabama. He appears to claim that Defendants have denied him a hearing concerning his commitment. He names Defendants Sheila Taylor and Sherly Miller who are employed at the Department of Mental

Health, which is located Tuscaloosa, Alabama (Doc. 1, pp. 3-4). Plaintiff also names Defendant Judge Eugene Reese[1] who handled Plaintiff's commitment in Montgomery, Alabama, which is in the Middle District of Alabama (Doc. 1, p. 3).  Defendant Judge Eugene Reese issued Plaintiff's commitment order (Doc. 1, pp. 9-11).  While an address was not provided for Defendant Dr. Glenn King, Plaintiff alleges that Dr. King lied in his report (Doc. 1, p. 4) and that the Court, namely, Defendant Judge Eugene Reese, relied on Dr. King's report in the commitment order (*see* Doc. 1, pp. 10-11).  No witnesses are located in the Southern District of Alabama, and no events transpired in the Southern District of Alabama.  Thus, the Complaint reveals no connection to the Southern District of Alabama.

    A § 1983 action may be brought in

---

[1] Plaintiff identifies Defendant as Eugene Reese McKinney, but the Order included with the Complaint demonstrates that the Judge who ordered Plaintiff into custody of the Department of Health is Judge Eugene Reese.  This Court refers to this Defendant as Defendant Judge Eugene Reese.

>      (1) a judicial district where any defendant
>      resides, if all defendants reside in the
>      same State, (2) a judicial district in which
>      a substantial part of the events or
>      omissions giving rise to the claim occurred,
>      or a substantial part of property that is
>      the subject of the action is situated, or
>      (3) a judicial district in which any
>      defendant may be found, if there is no
>      district in which the action may otherwise
>      be brought.

28 U.S.C. § 1391(b); see New Alliance Party of Ala. v. Hand, 933 F.2d 1568, 1570 (11th Cir. 1991) (applying § 1391(b)'s venue provisions to a § 1983 action).  But, when venue is not proper in the district of filing, a district court may transfer the action, in the interest of justice, to any other district or division where the action might have been brought.  28 U.S.C. § 1406(a).

In the present action, the address given for two Defendants is Tuscaloosa, Alabama and the address given for one Defendant is Montgomery, Alabama.  The events giving rise to Plaintiff's action occurred in Tuscaloosa and Montgomery since he complains that he has been denied a hearing for release from custody from the Department of Mental Health.  Plaintiff is presently in custody in Tuscaloosa.  Thus, Plaintiff's action has no connection to this district.  Venue is, therefore, lacking, and appears to be proper in the Northern or Middle District of Alabama.  Since most of the witnesses are located in Tuscaloosa and the Plaintiff is currently incarcerated in Tuscaloosa, venue

appears to be more appropriate in the Northern District of Alabama.  Considering Plaintiff's pro se status, it is recommended, in the interest of justice, that Plaintiff's action be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1406(a).

The attached sheet contains important information regarding objections to the report and recommendation.

**DONE** this 15th day of February, 2012.

                                   **s/BERT. W. MILLING, JR.**
                                   **UNITED STATES MAGISTRATE JUDGE**

```
            MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL
                RIGHTS AND RESPONSIBILITIES FOLLOWING
                           RECOMMENDATION
              AND FINDINGS CONCERNING NEED FOR TRANSCRIPT
```

    1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[2] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[2] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" FED.R.CIV.P. 72(b)(2).

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.